IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE:  Anna Maria Allen,         *  Chapter 13
            Debtor.               *  Case No.  14-41182

**NOTICE**

ANNA MARIA ALLEN, DEBTOR, IN THE ABOVE BANKRUPTY MATTER HAS FILED PAPERS WITH THE COURT TO MODIFY THE CHAPTER 13 PLAN.

**YOUR RIGHTS MAY BE AFFECTED**.  You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case.  **If you do not have an attorney, you may wish to consult one**.  **If not served with this notice in accordance with the Bankruptcy Court or the Federal Rules of Bankruptcy Procedure, a copy of the motion [or other type of pleading] may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's Office**.

If you do not want the court to grant this Motion, or if you want the court to consider your views on the Motion, then you or your attorney, shall file with the court a written objection or response on or before **July 11, 2018**, pursuant to FRBP 9006(f).  If you are receiving this notice by mail, you may add 3 days to the response date stated above.  The objection or response should be sent to:

> Clerk, U.S. Bankruptcy Court
> Middle District of Georgia
> P.O. Box 2147, Columbus, Georgia 31902

**If an objection or response is filed, a hearing on the Motion shall be held on:**

> Date & Time:   **July 31, 2018 at 2:00 P.M.**
> Location:      **U.S. Bankruptcy Court, 901 Front Avenue**
>                **One Arsenal Place, Columbus, Georgia 31901**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the Movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1(b).

Date:  6/20/18

/s/ Valerie G. Long
Valerie G. Long
Attorney for Debtor

3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
State Bar No. 457485

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE:  Anna Maria Allen, | * | Chapter 13 |
| Debtor. | * | Case No.  14-41182 |

## MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION

The Debtor, under the authority of Section 1323 of the Bankruptcy Code, files this Motion for Modification of Plan and respectfully shows as follows:

1.

Debtor shows a change in circumstances and desires to modify the Chapter 13 Plan to decrease the dividend to the unsecured creditors.  Debtor withdraws the Chapter 13 Plan heretofore filed and substitutes in lieu thereof a new plan.  A copy of the new plan is attached hereto.

2.

After notice and opportunity for objections, the new plan should become the Debtor's Plan.

**WHEREFORE**, the Debtor prays that this motion be approved.

This the 20th day of June, 2018.

/s/ Valerie G. Long_____
Valerie G. Long
Attorney for Debtor

3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
State Bar No. 457485

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| DEBTOR | * | Chapter 13 |
| ANNA MARIA ALLEN | * | Case No.  14-41182 |

☒ Check if this is a modified plan and list below the sections of the plan that have been changed.  Part 5

# CHAPTER 13 PLAN
# MIDDLE DISTRICT OF GEORGIA
# (NOT OFFICIAL FORM 113)

## PART 1: NOTICES

**TO DEBTORS:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**TO CREDITORS:  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If  you oppose the plan's treatment  of your claim  or any  provision  of this plan,  you or your  attorney must  file an  objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered  by  the  Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you.  Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| | | | |
|---|---|---|---|
| 1.1. | **Limit the Amount of a Secured Claim**: The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 1.2. | **Avoidance of Liens**: The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☒ Included | ☐ Not Included |
| 1.3. | **Nonstandard Provisions**: The plan sets out **Nonstandard Provisions in Part 6.** | ☒ Included | ☐ Not Included |

**Income status of debtor(s) as stated on Official form 122-C1**
  Check One:
  ☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).
  ☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**2.1. PLAN PAYMENTS**: The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of **$115 per month**.

**2.2. ADDITIONAL PAYMENTS: NONE**

**2.3. TRUSTEE PERCENTAGE FEE**: The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

**2.4. PLAN LENGTH**: If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.
If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

## PART 3: TREATMENT OF SECURED CLAIMS

From the payments so received, the Trustee shall make disbursements to allowed claims as follows:

**3.1. LONG TERM DEBTS**: The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| **NONE** | | | |

**3.2. ARREARAGES**: After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.

| NAME OF CREDITOR | AMOUNT DUE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|
| **NONE** | | | |

**3.3. CLAIMS NOT SUBJECT TO CRAM DOWN**: The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| NONE | | | | |

**3.4. PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS**: Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| NONE | |

**3.5. SECURED CREDITORS SUBJECT TO CRAMDOWN**: After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:
If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| NONE | | | | | |

**3.6. SURRENDERED COLLATERAL**: The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agrees to termination of the stay under 11 U.S.C. § 362(a) and § 1301(a) with respect to the collateral, effective upon confirmation of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| NONE | |

**3.7. DEBTS PAID BY DEBTOR**: The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL | BEGINNING DATE |
|---|---|---|
| NONE | | |

**3.8. LIENS AVOIDED**: The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**PART 4: TREATMENT OF FEE AND PRIORITY DEBT**

**4.1. ATTORNEY FEES**: Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of **$3,000** to be paid as follows: **(SELECT ONE)**
   ☒ Pursuant to the current Administrative Order on Attorney Fee Awards
   ☐ By another method as set out in Part 6 Nonstandard Provisions. Attorneys will be required to submit an itemization of their time to the Court.

**4.2. DOMESTIC SUPPORT OBLIGATIONS:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of 0%.

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| **NONE** | |

**4.3. PRIORITY CLAIMS:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

| NAME OF CREDITOR | AMOUNT DUE | COLLATERAL |
|---|---|---|
| **NONE** | | |

**PART 5: TREATMENT OF NON PRIORITY UNSECURED CLAIMS**

**5.1. Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of $0 to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $0 to the general unsecured creditors to be distributed pro rata.

**5.2. GENERAL UNSECURED CREDITORS:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**
(a) **0%** dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of _____%, but will also pay the highest amount shown in paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

**5.3. UNSECURED CLAIMS:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | AMOUNT |
|---|---|---|
| **WELLS FARGO** | **CREDIT CARD (recent use)** | **$3,000** |

**5.4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**: The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **NONE** | |

**5.5. PROPERTY OF THE ESTATE**: Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

**5.6. VALIDITY OF LIENS OR PREFERENCE ACTIONS**: Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

## PART 6: NONSTANDARD PROVISIONS

**Nonstandard Provisions**: Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void*.

## PART 7: SIGNATURES

**7.1. CERTIFICATION**: The debtor's attorney certifies that all provisions of this plan substantially conforms to the Official Form of the Middle District of Georgia, with no material variations except for language contained in **Part 6: Nonstandard Provisions**.

Prepared by: /s/ Valerie G. Long                                    Date: 6/20/18
                   (Attorney for Debtor)

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of the foregoing *Notice* and *Motion to Modify Chapter 13 Plan* have this day been mailed to the affected parties listed below, unless service was perfected electronically by Electronic Bankruptcy Noticing:

**All Creditors Listed in Exhibit A**

in envelopes properly addressed, stamped and deposited in the United States Mail to insure delivery.

This 20th day of June, 2018.

    /S/ Valerie G. Long_____
Valerie G. Long
Attorney for Debtor

3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
State Bar No. 457485

**Exhibit A**

| | | | |
|---|---|---|---|
| Kristin Hurst | Douglas Sloan | Jonathan Bender | Wells Fargo Card Services |
| Chapter 13 Trustee | Karen James | 818 Connecticut Ave., NW | 1 Home Campus 3rd Floor |
| P.O. Box 1907 | 313 Nicholson Street NE | Suite 100 | Des Moines, IA 50328 |
| Columbus, GA 31902-1907 | Washington, DC 20011 | Washington, DC 20006 | |
| | | | |
| Anna Maria Allen | Howard Haley & Haley Firm | Wells Fargo Card Services | |
| P.O. Box 53375 | 7600 Georgia Avenue, NW | P.O. Box 9210 | |
| Ft. Benning, GA 31905 | #405 | Des Moines, IA 50306 | |
| | Washington, DC 20012 | | |