UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF
GEORGIA

In re:
    Anna Allen                                                   Chapter 13
        Debtor                                           Case Number 14-41182

## OBJECTION TO MOTION TO MODIFY PLAN AFTER CONFIRMATION

Douglas Sloan by its undersigned attorney, hereby objects to the confirmation of the Modification of the Chapter 13 plan filed by the Debtor Anna Allen ("Debtor"), and as grounds therefore states as follows:

1. On or about August 25, 2015, Anna Allen's original Plan was confirmed by the Court.

2. At all times Douglass Sloan was a creditor owed ($196,643.82). (See Amended Proof of Claim filed; Claim 1-2)

3. Douglass Sloan as an unsecured creditor has yet to be paid any money as directed by the previously filed plan.

4. The Debtor's current Chapter 13 Plan proposes to pay unclassified unsecured creditors $2,951.00. There is only 1 unclassified unsecured creditor – Douglass Sloan.

5. The Debtor's Chapter 13 Plan understates the pre-petition debts and fails to propose a reasonable length of time to cure the pre-petition debts.

6. As of December 30, 2014, the pre-petition debt was $196,643.82.

7. Creditor, Douglass Sloan's claim, should be cured within a reasonable length of time.

8. That Debtor's Chapter 13 Plan appears under-funded to cure the pre-petition debt within a reasonable length of time.

9. Debtor Anna Allen filed this petition with the knowledge that she was a defendant in a civil case (filed in August 2013) where there was a disputed amount claimed (exceeding $100,000.00) alleging breach of contract, fraud, misrepresentation,

and civil conspiracy in the District of Columbia Case #2013 CA 005339 R(RP).

10. Debtor Anna Allen was aware that the Plaintiff in the DC Superior Court matter was Creditor Douglass Sloan.

11. Debtor Anna Allen acknowledged the pending case on her Statement of Financial Affairs at #4. Debtor Anna Allen certified that she had confirmed the information in the petition was correct. She was named as a defendant in the case and had full knowledge that the amount in dispute was far greater than the $1 she claimed. She, through her attorney in the DC Superior Court Case – Daniel Press, has filed responses to the claim in the matter since September 2013. (See Docket Report Exhibit A, Promissory Note Exhibit A-1, 5th Amended Complaint* Exhibit A-2, attached) It is not clear why the value of the claim was listed by her as $1. *Initial Proof of Claim filed on behalf of Creditor Douglass Sloan by Attorney Gunby included the complaint for excess of $100,000.00 that has since been amended.

12. Debtor Anna Allen identified the debt as a "personal loan". This identification was incorrect, and she was aware of the error.

13. Debtor Anna Allen had acknowledged she owed Creditor Douglass Sloan $80,000.00 in her previous bankruptcy case (DC Bankruptcy Case #09-00231: Schedule E – Exhibit A-3, attached)

14. Debtor Anna Allen has previously identified the debt as "Investment Made for 3102 18th St. NW". (DC Bankruptcy Case #09-00231: Schedule E – Exhibit A-3, attached) The property that is the subject of the complaint in DC Superior Court. The same property that was sold and the proceeds of the sale were directed away from Creditor Douglass Sloan who was entitled to receive them. (Sale Documents Exhibit B, Emails Regarding Sale Exhibit B-1, attached)

15. The Debtor Anna Allen had previously listed the property located at 3102 18th St. NW on her prior bankruptcy schedules as her primary residence and the property located at 1715 Kilborne Place, NW as her rental property. (DC Bankruptcy Case #09-00231: Schedule A – Exhibit A-5, attached)

16. Debtor Anna Allen had also filed a plan in the DC Bankruptcy Case #09-00231 in which she agreed to repay 100% of the debts to creditors. (DC Bankruptcy Case #09-00231: Dkt#44 - Exhibit A-4, attached)

17. Debtor Anna Allen's DC Bankruptcy Case #09-00231 was dismissed for "bad faith". (DC Bankruptcy Case #09-00231: Order - Exhibit A-6, DC Bankruptcy Case #09-0023: Trustee Mtn Dismiss – Exhibit A-7, DC Bankruptcy Case #09-00231: Trustee Suppt Mtn – Exhibit A-8)

18. The subject of the disputed debt in the current bankruptcy was money loaned for the purposes of rehabbing real property located at 3102 18th St. NW, Washington, DC. The property was identified on her Statement of Financial Affairs #10. The sale was conducted at the behest of Debtor Anna Allen by her son – Carlos Allen on August 5, 2013. Debtor's Statement of Financial Affairs indicates that she did not receive any money from the sale. Yet, the proceeds of the sale were directed to be distributed at the direction of Anna Allen; further, a check (in the amount of $889.57) was issued to Anna Allen from the proceeds of sale. (Sale Documents Exhibit B, Emails Regarding Sale Exhibit B-1, attached) This information was not disclosed within the schedules filed by Debtor Anna Allen.

19. Debtor Anna Allen filed her petition on December 30, 2014; however, she did not execute the Quit Claim Deed transferring her ownership of the real property identified on her Schedule A until August 7, 2015 (Quit Claim Deed Exhibit C, attached)

20. Debtor Anna Allen did not include any costs for rent or housing within her schedules and is married; yet, lists no information about her spouse on her schedules. Form 22C-1 lists no information; however, it does indicate Debtor is married. (Dkt #1 page 32) Debtor's schedules are incomplete.

21. Debtor Anna Allen has not identified in her motion any change to her circumstances from the previous listed plan that requires a change in her plan.

22. Debtor Anna Allen's initial plan indicated a commitment period of 36 months minimum and an anticipated plan length of 58 months. The time of plan commitment has not yet passed and there have been no payments to Creditor Douglass Sloan; therefore, the plan should continue until all creditors are compensated by the Debtor.

23. Debtor Anna Allen had failed to make the plan payments as directed by the Trustee. The Trustee has previously filed a Motion to Dismiss Case for Failing to

       Make Plan Payments on October 12, 2017 (Dkt. #22)

24. The only change identified in this modification request is to deny the Creditor Douglass Sloan any distribution under her plan. No material changes to the Debtor's condition is identified in her motion.

25. Further, this objection is brought in good faith and not to frustrate nor inhibit the distribution of the bankruptcy estate nor take away the Debtor's statutory right to seek a fresh start.

26. Depending upon any additional facts learned before the hearing on confirmation, through its attorneys prays that Confirmation be denied, and the case be dismissed without a discharge.

Date: July 6, 2018

                                    Respectfully submitted,

                                _/s/ Howard Haley
                                7600 Georgia Ave. NW
                                Suite 405
                                Washington, DC 20012
                                HaleyFirm@gmail.com
                                V: (202) 810-6329
                                F: (202) 706-7375

## CERTIFICATE OF SERVICE

    The undersigned states that on July 6, 2018, copies of Objection to Motion to Modify Plan After Confirmation were filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    Trustee Kristin Hurst ecf@ch13trustee.com
    Valerie G. Long on behalf of Debtor Anna Maria Allen lawofficevglong@yahoo.com

and I hereby certify that I have caused to be mailed by first class mail, postage prepaid, copies of Objection to Motion to Modify Plan After Confirmation to the following non-ECF participants:

    Douglass and Karen Sloan, 313 Nicholson St. NE, Washington, DC 20011

    Anna Maria Allen, P.O. Box 53375, Ft. Benning, GA 31995-3375

    Wells Fargo Card Services, PO Box 9210, Des Moines, IA 50306

    /s/ Howard Haley
    Howard Haley, Esq.
    Counsel for Creditor Douglass Sloan