Exhibit B-1

**Cathy Gayle**

| | |
|---|---|
| **From:** | Anna Allen <anna@hushmagazine.net> |
| **Sent:** | Thursday, August 01, 2013 3:30 PM |
| **To:** | cgayle@lplawdc.com |
| **Subject:** | RE: 3102 18th Street NW |

Hi Cathy,

This is to confirm that the private funding AMG is not secured against the property. Also the Capital Wrap has new ownership and they've changed their name to ATS and the final payoff is $8,900 not $9,000. Can you please update. I thank you very much.

Anna Allen

--------------------------------

On Thu, Aug 1, 2013 3:10 PM EDT Cathy Gayle wrote:

>Ms. Allen
>
>Please confirm that the private 2nd loan was not intended to be a
>secured loan.
>
>Cathy Gayle
>L P Title, LLC
>4725 Wisconsin Ave., N.W.
>Suite 250
>Washington, D.C. 20016
>202-244-0600
>202-244-8930 (fax)
>cgayle@lplawdc.com
>
>
>Statement of Agency: LP Title, LLC is an Agent for Commonwealth Land
>Title Insurance Company and First American Title Insurance Company
>
>
>-----Original Message-----
>From: Anna Allen [mailto:anna@hushmagazine.net]
>Sent: Thursday, August 01, 2013 12:36 PM
>To: cgayle@lplawdc.com
>Subject: Re: 3102 18th Street NW
>
>
>Hi Gayle
>
>I need to add debts that need to be paid on the HUD for 3102  18th st based
>on work provided and a private 2nd.
>

Sarah Lee                                                1

**Cathy Gayle**

| | |
|---|---|
| **From:** | Anna Allen <anna@hushmagazine.net> |
| **Sent:** | Thursday, August 01, 2013 2:07 PM |
| **To:** | cgayle@lplawdc.com |
| **Subject:** | RE: 3102 18th Street NW |

Provide it to my son and I will get them out, thank you.

-----------------------
On Thu, Aug 1, 2013 1:46 PM EDT Cathy Gayle wrote:

>Revised HUD is attached. Please advise if  will you provide invoices or
>address for
>>remittance or should we send the checks to you?
>>
>
>Cathy Gayle
>L P Title, LLC
>4725 Wisconsin Ave., N.W.
>Suite 250
>Washington, D.C. 20016
>202-244-0600
>202-244-8930 (fax)
>cgayle@lplawdc.com
>
>
>Statement of Agency: LP Title, LLC is an Agent for Commonwealth Land
>Title Insurance Company and First American Title Insurance Company
>
>
>-----Original Message-----
>From: Anna Allen [mailto:anna@hushmagazine.net]
>Sent: Thursday, August 01, 2013 1:00 PM
>To: cgayle@lplawdc.com
>Subject: RE: 3102 18th Street NW
>
>
>
>Sorry $4,000
>
>
>-------------------------
>On Thu, Aug 1, 2013 12:56 PM EDT Cathy Gayle wrote:
>
>>Ms. Allen
>>
>>The revised HUD is attached. I did not see an amount to be paid to
>>Kenneth Nykabwa. Also, will you provide invoices or address for

Sarah Lee                                        1

## Cathy Gayle

| | |
|---|---|
| **From:** | Anna Allen <anna@hushmagazine.net> |
| **Sent:** | Thursday, August 01, 2013 1:00 PM |
| **To:** | cgayle@lplawdc.com |
| **Subject:** | RE: 3102 18th Street NW |

Sorry $4,000

-----------------------------

On Thu, Aug 1, 2013 12:56 PM EDT Cathy Gayle wrote:

>Ms. Allen
>
>The revised HUD is attached. I did not see an amount to be paid to
>Kenneth Nykabwa. Also, will you provide invoices or address for
>remittance or should we send the checks to you?
>
>Cathy Gayle
>L P Title, LLC
>4725 Wisconsin Ave., N.W.
>Suite 250
>Washington, D.C. 20016
>202-244-0600
>202-244-8930 (fax)
>cgayle@lplawdc.com
>
>
>Statement of Agency: LP Title, LLC is an Agent for Commonwealth Land
>Title Insurance Company and First American Title Insurance Company
>
>
>-----Original Message-----
>From: Anna Allen [mailto:anna@hushmagazine.net]
>Sent: Thursday, August 01, 2013 12:36 PM
>To: cgayle@lplawdc.com
>Subject: Re: 3102 18th Street NW
>
>
>Hi Gayle
>
>I need to add debts that need to be paid on the HUD for 3102  18th st based
>on work provided and a private 2nd.
>
>David Williams $25, 0000
>
>Keith Remeke.  $4,000 Contracter
>
>Capital wrap.  $9,000 Contracter
Sarah Lee                                        1

**Cathy Gayle**

| | |
|---|---|
| **From:** | Anna Allen <anna@hushmagazine.net> |
| **Sent:** | Thursday, August 01, 2013 12:36 PM |
| **To:** | cgayle@lplawdc.com |
| **Subject:** | Re: 3102 18th Street NW |

Hi Gayle

I need to add debts that need to be paid on the HUD for 3102  18th st based on work provided and a private 2nd.

David Williams $25, 0000

Keith Remeke.  $4,000 Contracter

Capital wrap.  $9,000 Contracter

Kenneth Nykabwa. Contracter

AMG.       $270, 000

Thank you
Anna Allen

---------------------------

On Thu, Aug 1, 2013 10:26 AM EDT Cathy Gayle wrote:

>Good Morning
>
>
>
>Attached is the HUD in connection with your sale of the above-mentioned
>property. Please advise if you require any changes/corrections.
>
>
>
>Please do not hesitate to call or email if you have any questions or
>concerns.
>
Sarah Lee                                        1

**LP TITLE, LLC – ESCROW ACCOUNT**                                    20631

**** REAL ESTATE CLOSING ****

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 889.57
Pay To: Anna M. Allen
For:

---

| | | 20631 |
|---|---|---|

**LP TITLE, LLC**
**ESCROW ACCOUNT**
4725 WISCONSIN AVE / NW STE. 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLE**BANK
Bethesda, MD 20814
65-329-550

RE9500

--Eight Hundred Eighty Nine and 57/100 ------------------------------------------------------- Dollars

DATE August 5, 2013                         AMOUNT $ *****889.57

PAY
TO THE
ORDER   Anna M. Allen
OF      1715 Kilborne Place, N.W.
        Washimgton, DC 20010

AUTHORIZED SIGNATURE

⑈0 2063 1⑈  ⑆0 5500 3 298⑆  0 2000 94 16 7⑈

Picked up Proceeds check
and 5 contractor / private loan payoff
checks

✱

Date  8 | 5 | 13

20632

**LP TITLE, LLC** – ESCROW ACCOUNT

**** REAL ESTATE CLOSING ****

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 4,000.00
Pay To: Keith Remeke
For:
Contractor

---

20632

**LP TITLE, LLC**
**ESCROW ACCOUNT**
4725 WISCONSIN AVE. NW STE. 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLEBANK**
Bethesda, MD 20814
65-329-550

RE9500

Contractor

--Four Thousand and 00/100 -------------------------------------------------------------- Dollars

DATE
August 5, 2013

AMOUNT
$ *****4,000.00

PAY
TO THE
ORDER
OF    Keith Remeke



AUTHORIZED SIGNATURE

⑈0 2063 2⑈ ⑆0 5500 3298⑆ 0 20009 416 7⑈

---

**LP TITLE, LLC** – ESCROW ACCOUNT

20632

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 4,000.00
Pay To: Keith Remeke
For:
Contractor

PRODUCT SSLM102    USE WITH 91500 ENVELOPE    PRINTED IN U.S.A.    A

**LP TITLE, LLC – ESCROW ACCOUNT**

20633

**\*\*\*\* REAL ESTATE CLOSING \*\*\*\***

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 4,000.00
Pay To: Kenneth Nykabwa
For:
      Contractor

---

**LP TITLE, LLC**
**ESCROW ACCOUNT**
4725 WISCONSIN AVE. NW STE., 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLEBANK**
Bethesda, MD 20814
65-329-550

20633

RE9500

Contractor

—Four Thousand and 00/100 —————————————————————————— Dollars

August 5, 2013       $ *****4,000.00

PAY
TO THE
ORDER
OF      Kenneth Nykabwa

AUTHORIZED SIGNATURE

⑈020633⑈  ⑆055003298⑆  020009416 7⑈

---

**LP TITLE, LLC – ESCROW ACCOUNT**

20633

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 4,000.00
Pay To: Kenneth Nykabwa
For:
      Contractor

PRODUCT SSLM102   USE WITH 91500 ENVELOPE                    PRINTED IN U.S.A.

20634

**LP TITLE, LLC - ESCROW ACCOUNT**

**** REAL ESTATE CLOSING ****

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 8,900.00
Pay To: ATS
For:
Contractor

---

**LP TITLE, LLC**
**ESCROW ACCOUNT**
4725 WISCONSIN AVE. NW STE. 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLEBANK**
Bethesda, MD 20814
65-329-550

20634

RE9500

Contractor

--Eight Thousand Nine Hundred and 00/100 --------------------------------------------------- Dollars

DATE: August 5, 2013                AMOUNT: $ *****8,900.00

PAY
TO THE
ORDER
OF   ATS

AUTHORIZED SIGNATURE

⑈020634⑈ ⑆055003298⑆ 0200094167⑈

---

**LP TITLE, LLC - ESCROW ACCOUNT**

20634

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 8,900.00
Pay To: ATS
For:
Contractor

PRODUCT SSLM102   USE WITH 91500 ENVELOPE                PRINTED IN U.S.A.          -A

**LP TITLE, LLC - ESCROW ACCOUNT**   **** REAL ESTATE CLOSING ****   20635

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 25,000.00
Pay To: David Williams
For:

---

20635

**LP TITLE, LLC**
**ESCROW ACCOUNT**
4725 WISCONSIN AVE. NW STE. 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLEBANK**
Bethesda, MD 20814
65-329-550

RE9500

--Twenty Five Thousand and 00/100 -------------------------------------------------- Dollars

August 5, 2013            $ *****25,000.00

PAY
TO THE
ORDER
OF          David Williams

AUTHORIZED SIGNATURE

⑈0 20635⑈ ⑆0550032 98⑆    0 2000 94 16 7⑈

---

**LP TITLE, LLC - ESCROW ACCOUNT**   20635

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 25,000.00
Pay To: David Williams
For:

*Claudia*
*Check not*
*cleared  9/6/19*
*yet*

*Payment*
*[illegible]*

PRODUCT SSLM102   USE WITH 91500 ENVELOPE         PRINTED IN U.S.A.

**LP TITLE, LLC** – ESCROW ACCOUNT

**** REAL ESTATE CLOSING ****

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 270,000.00
Pay To: AMG
For:

---

**LP TITLE, LLC
ESCROW ACCOUNT**
4725 WISCONSIN AVE. NW STE. 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLEBANK**
Bethesda, MD 20814
65-329-550

RE9500

--Two Hundred Seventy Thousand and 00/100 ------------------------------------------ Dollars

DATE
August 5, 2013                AMOUNT
$ *****270,000.00

PAY
TO THE    AMG
ORDER
OF

AUTHORIZED SIGNATURE

⑆020638⑆ ⑈055003298⑈ 0200094167⑈

---

**LP TITLE, LLC** – ESCROW ACCOUNT                    20638

Buyer/Borrower: Digel
Seller: Allen
Lender: Digel Family Trust
Property: 3102 18th Street, N.W./Washington DC /
Settlement Date: August 2, 2013
Disbursement Date: August 5, 2013
Check Amount: $ 270,000.00
Pay To: AMG
For:



**Government of the
District of Columbia**
Office of Tax
and Revenue
Recorder of Deeds
1101 4th Street, SW
Washington, DC 20024
Phone (202)727-5374

**Clear all fields**

## Real Property Recordation and Transfer Tax Form FP 7/C

**PART A - Type of Instrument**

☑ Deed　　☐ Tax Deed　　☐ Deed of Trust　　☐ Trustee Deed
☐ Easement　☐ Modification　☐ Lease　　　　☐ Other [＿＿＿＿＿＿]

**PART B - Property Description/Data/Property Being Conveyed**

| 2599 | | 0049 | | | |
|------|------|------|------|------|------|
| Square | Suffix | Lot | Square | Suffix | Lot |

If more than one lot, list Square/Suffix/Lots below or attach addendum:

**Square and/or Parcel** [＿＿＿＿＿＿＿＿＿＿]　**Lot(s)** [＿＿＿＿＿＿]

**Property Address** [3102]　[18th Street, N.W.]　[NW]　**Unit No.** [＿＿]
　　　　　　　　Street Number　　Street Name　　Quadrant

**Property Use** ☑ Residential　☐ Commercial　☐ Condominum　☐ Apartment

In addition to the use above, is this property being rented? ☐ Yes　☐ No

**Interest Transferred**　☑ Fee　　☐ Leasehold　☐ Leasehold Improvement
　　　　　　　　　　☐ Easement　☐ Other [＿＿＿＿＿＿＿]

**Interest Conveyed** [100] %　Does this transfer include Condo Parking? ☐ Yes ☐ No

If YES, what is the parking account?

| | | |
|------|------|------|
| Square | Suffix | Lot |

**Sale Type**　☑ Single/Parcel Improved - Arms Length
　　　　　　☐ Single/Parcel Vacant - Arms Length
　　　　　　☐ Multiple Parcels　　☐ Arms Length　☐ Not Arms Length

**Date of Deed** [08/02/2013]　**Consideration $** [1,015,000.00] (Part J, Line #1)

Was personal property included in this transfer? ☐ Yes　☐ No

If YES, what type? [＿＿＿＿＿＿＿]　Estimated Value $ [＿＿＿＿＿]

**PART C - Instrument Submitted by or Contact Person**

**Name** [Cathy Gayle]　　　　**Firm** [L P Title, LLC]

**Address** [4725 Wisconsin Avenue, N.W., #250]

**City** [Washignton]　**State** [DC]　**Zip** [20016]

**PART D - Return Instrument To**

**Name** [Cathy Gayle]　　　　**Firm** [L P Title, LLC]

**Address** [4725 Wisconsin Avenue, N.W., #250]　**Phone** [(202) 244-0600]

**City** [Washington]　**State** [DC]　**Zip** [20016]

**PART E - Exemption Application**

**Recordation Tax** ☐ Yes ☑ No　　**Transfer Tax** ☐ Yes ☑ No
Reason for Recordation
Tax Exemption # [＿＿＿＿＿]　Reason for Transfer
　　　　　　　　　　Tax Exemption # [＿＿＿＿＿]



| | 2599 | | | 0049 |
|---|---|---|---|---|
| | Square | | Suffix | Lot |

**Government of the
District of Columbia**
Office of Tax
and Revenue
Recorder of Deeds
1101 4th Street, SW
Washington, DC 20024
Phone (202)727-5374

**PART F - Grantee Notification**

1. **Homestead/Senior Deduction:** Is the property being transferred
   described in Part B, going to be used as an owner occupied
   residential property by the new owner? ☐ Yes ☐ No

   If this is a refinance is the owner presently enrolled in the Homestead exemption Program? ☐ Yes ☐ No

2. **Mixed Use Tax Class:** Will this property be mixed use property? ☐ Yes ☐ No

3. **Low Income Tax Abatement:** Low income home owners may qualify for a 5-year tax abatement.
   If you are a low income homeowner you must complete and attach a Low Income Tax Abatement
   Application. If qualified, the tax abatement will begin for the first tax year following the transfer.

**PART G - Grantor(s) Information**

| Grantor | Anna M. Allen | Grantor | |
|---|---|---|---|
| Grantor | | Grantor | |
| Address | 1715 Kilborne Place, N.W. | Phone | |
| City | Washington | State | DC | Zip | 20010 |

Grantor Tenancy ☐ Tenants in Common ☐ Joint Tenants ☐ Trustee
☐ Tenants by Entireties ☑ Sole

Grantor Social Security # or Fed. ID # [redacted]

**PART H - Grantee(s) Information**

| Grantee | Samuel Digel | Grantee | Benjamin Digel |
|---|---|---|---|
| Grantee | | Grantee | |
| Address | 3102 18th Street, N.W. | Phone | |
| City | Washington | State | DC | Zip | 20010 |

Grantee Tenancy ☐ Tenants in Common ☑ Joint Tenants ☐ Trustee
☐ Tenants by Entireties ☐ Sole

Interest Acquired 100.00 %   Grantee Social Security # or Fed. ID #

**PART I - Mailing Address for Grantee** (if different from Part H)

| | | |
|---|---|---|
| Last Name | First Name | Middle Name |

Unit # _____ Address _____
City _____ State _____ Zip 20010
Phone _____

**PART J - Consideration and Financing** (complete all items; insert zero if no amount)

| | | | | |
|---|---|---|---|---|
| Cash | $ | 215,000.00 | Other $ | |
| First Mortgage | $ | 800,000.00 | | |
| Second | $ | | | |
| Assumed | $ | | 1. Construction Loan $ | |

2. Total Consideration $ 1,015,000.00
3. If no consideration, use Assessed Value (see Assessment Roll) $



**Government of the
District of Columbia**

Office of Tax
and Revenue
Recorder of Deeds
1101 4th Street, SW
Washington, DC 20024
Phone (202)727-5374

| 2599 | | 0049 |
|------|------|------|
| Square | Suffix | Lot |

### PART K: Computation of Tax

If the residential deed transfer is for a total consideration of less than $400,000 use Lines 1, 2 and 3. All other deed transfers, security instruments and commercial transactions use Lines 4, 5 and 6.

| | | $ | |
|---|---|---|---|
| 1. Recordation Tax | 1.1% of Line 2 or Line 3, Part J | $ | |
| 2. Transfer Tax | 1.1% of Line 2 or Line 3, Part J | $ | |
| 3. Recordation Tax | 1.1% of Line 1, Part J (Construction Loan) | $ | |
| 4. Recordation Tax | 1.45% of Line 2 or Line 3, Part J | $ | 14,717.50 |
| 5. Transfer Tax | 1.45% of Line 2 or Line 3, Part J | $ | 14,717.50 |
| 6. Recordation Tax | 1.45% of Line 1, Part J (Construction Loan) | $ | |
| 7. Total of Lines 1, 2 and 3 or Lines 4, 5 and 6 | | $ | 29,435.00 | 0 |

### PART L: Affidavit (Part A to L)

I/We hereby swear or affirm under penalty of perjury that this return, including any accompanying schedules/documents/and statements, has been examined by me/us and to the best of my/our knowledge and belief, the statements and representations are correct and true. I/We hereby acknowledge that any false statement or misrepresentations I/We made on this return is punishable by criminal penalties under the laws of the District of Columbia.

| **Grantor(s)** | **Grantee(s)** |
|---|---|
| Anna M. Allen | Samuel Digel |
| Typed Name | Typed Name |
| Signature | Signature |
| Date 08/02/2013 | Date 08/02/2013 |
| Subscribed to and sworn to before me by Grantor(s) this 2nd day of August , 201 3 . | Subscribed to and sworn to before me by Grantee(s) this 2nd day of August , 201 3 . |
| Notary Public | Notary Public |
| My Commission Expires: 11/14/2016 mm/dd/yyyy | My Commission Expires: 11/14/2016 mm/dd/yyyy |



**This information is subject to audit within three years of filing.
Please keep all supporting documentation.**



**Government of the
District of Columbia**
Office of Tax
and Revenue
Recorder of Deeds
**1101 4th Street, SW
Washington, DC 20024
Phone (202)727-5374**

### AFFIDAVIT ADDENDUM(FP7CA)

## AFFIDAVIT ADDENDUM (FP7CA) TO DISTRICT OF COLUMBIA
## REAL PROPERTY RECORDATION AND TRANSFER TAX FORM FP7/C

This form may by used when additional space is required for the SIGNATURES by all parties to the deed to the real property(ies) described below. All signatures must be under oath, and this form must be attached to the D.C. Real Property Recordation and Transfer Tax Form FP 7/C.

### PROPERTY DESCRIPTION

| 2599 | | 0049 | | | | | | |
|------|--------|-----|--------|--------|-----|--------|--------|-----|
| Square | Suffix | Lot | Square | Suffix | Lot | Square | Suffix | Lot |

| 3102 18th Street, N.W., Washington, D.C. 20010 |
|---|
| Address |

[        ] hereby swear or affirm that the attached return and any accompanying schedules and statements have been examined by [                    ] and to the best of [        ] knowledge and belief the statements and representations appearing therein are true.

| GRANTOR (Seller) | MAILING ADDRESS |
|---|---|
| | |
| | |
| | |
| | |

| GRANTEE (Purchaser) | MAILING ADDRESS |
|---|---|
| Benjamin Digel | 3102 18th Street, NW |
| | Washington, DC  20010 |
| | |
| | |

Subscribed and sworn to before me this [ 2nd ] day of [ August ], 20 [ 13 ].

_Notary Public_

My Commission Expires: [ 11/14/2016 ]
_mm/dd/yyyy_

*N/A*
*SEE NEW POA*

## SPECIAL POWER OF ATTORNEY

PREAMBLE: This is a military Power of Attorney prepared pursuant to Title 10, United States Code, Section 1044b, and executed by a person authorized to receive legal assistance from the military service. Federal law exempts this power of attorney from any requirement of form, substance, formality, or recording that is prescribed for powers of attorney by the laws of a state, the District of Columbia, or a territory, commonwealth, or possession of the United States. Federal law specifies that this power of attorney shall be given the same legal effect as a power of attorney prepared and executed in accordance with the laws of the jurisdiction where it is presented.

### KNOW ALL PERSONS BY THESE PRESENTS:

That I, ANNA M. ALLEN, of Georgia, spouse of a member of the United States Armed Forces, currently in COLUMBUS, Georgia, pursuant to my spouse's Military Orders, do hereby appoint CARLOS R. ALLEN, JR., of WASHINGTON, D.C., my true and lawful attorney-in-fact to do the following in my name and in my behalf:

To take, hold, possess, lease, let, or otherwise manage my real property at 3102 18TH ST N.W., WASHINGTON, D.C. 20010, to charge adequate fees and/or rent to cover mortgage payments; to deposit all income and proceeds to draw from such account any monies necessary to maintain insurance, make minor repairs and conduct general maintenance on said property and to make improvements thereon to increase the value of the property; to pay all necessary taxes and assessments on said property as they come due; to eject or remove tenants or other persons from and recover possession of such property by all lawful means.

Giving and granting individually unto said attorney full power and authority to do and perform all and any act, deed, matter and thing whatsoever in and about any of the specified particulars mentioned in the paragraph immediately above, as fully and effectually to all intents and purposes as I might and could do in my own person if personally present; and in addition thereto, I do hereby ratify and confirm each of the acts of my aforesaid attorney lawfully done pursuant to the authority herein above conferred.

This Power of Attorney shall become effective when I sign and execute it below. Further, unless sooner revoked or terminated by me, this Power of Attorney shall become NULL and VOID on June 27, 2015.

### I HEREBY RATIFY ALL THAT MY ATTORNEY SHALL LAWFULLY DO OR CAUSE TO BE DONE BY THIS DOCUMENT.

All business transacted hereunder for me or for my account shall be transacted in my name, and all endorsements and instruments executed by my attorney for the purpose of carrying out the foregoing powers shall contain my name, followed by that of my attorney and the designation "attorney-in-fact."

IN WITNESS WHEREOF, I sign, seal, declare, publish, make and constitute this as and for my Power of Attorney in the presence of the Notary Public witnessing it at my request this date, June 27, 2013.

*Anna M. Allen*
ANNA M. ALLEN

**STATE OF GEORGIA**

COUNTY OF CHATTAHOOCHEE

Subscribed, sworn to and acknowledged before me by ANNA M. ALLEN on June 27, 2013.

(SIGN)
(PRINT)

**NOTARY PUBLIC**
My Commission Expires:   14 March 2017



LT1-5-2013091561-1

*1073*

## LIMITED POWER OF ATTORNEY- REAL PROPERTY

**THIS POWER OF ATTORNEY AUTHORIZES THE PERSON NAMED BELOW AS MY ATTORNEY IN FACT TO DO (AMONG OTHER THINGS) ONE OR MORE OF THE FOLLOWING; TO SELL, LEASE, GRANT, ENCUMBER, RELEASE OR OTHERWISE CONVEY ANY INTEREST IN THE REAL PROPERTY DESCRIBED BELOW AND TO EXECUTE DEEDS AND ALL OTHER INSTRUMENTS ON MY BEHALF.**

KNOW ALL PERSONS, that I, **Anna M. Allen**, hereby make, constitute, and appoint **Carlos R. Allen, Jr.** my true and lawful attorney-in-fact, to act for me, and in my name, place and stead, in connection with the sale by me of the real property in **District of Columbia** owned by me commonly known as **3102 18th Street, N.W. Washington  DC 20010**, more fully identified on Exhibit A hereto (the "Property"), giving and granting unto my attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in connection with the sale of the Property.  Such authority shall include, but not be limited to, the right to execute on my behalf and in my name contracts, deeds, settlement statements, affidavits, assignments, contracts of sale, indemnities, and such other related documents, and to take all other actions necessary or associated with the sale of the Property, as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or her substitute shall do or cause to be done in my place and stead.  This power of attorney shall survive my disability.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 29 day of July, 2013.

LT2-0-0-2

_Anna M. Allen_
Anna M. Allen

**GEORGIA**

State of  **CHATTAHOOCHEE**   } ss
County  _____   } to wit

This instrument was acknowledged before me on this 29 day of  July, 2013, by Anna M. Allen.

_Ella Stewart_
Notary Public

ELLA STEWART MINCY
MY COMMISSION EXPIRES
NOV. 21 2013
MUSCOGEE CO. GEORGIA
NOTARY PUBLIC

SEAL

## EXHIBIT "A"
### (Legal Description)

Lot **49** in Square **2599** in a subdivision made by James Martin, of lots in Block 19, "Ingleside", as per plat recorded in Liber 38 at folio 153 in the Office of the Surveyor for the District of Columbia.

Doc# :013091561 Fees:$31.50
07/06/2013    10:18AM Pages 2
Filed & Recorded in Official Records o
WASH DC RECORDER OF DEEDS IDA WILLIAMS

|  |  |
|---|---|
| | $ 25.00 |
| RECORDING | $ 6.50 |
| SURCHARGE | |

After Recording Return To:
L P Title, LLC
4725 Wisconsin Avenue, N.W.
Suite 250
Washington, DC 20016
RE9500 · Digel

OMB NO. 2502-0265

| A. | B. TYPE OF LOAN: | | | | |
|---|---|---|---|---|---|
| | 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. | 4. ☐ VA | 5. ☐ CONV. INS. |

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**

**SETTLEMENT STATEMENT**

| 6. FILE NUMBER: RE9500 | 7. LOAN NUMBER: |
|---|---|
| 8. MORTGAGE INS CASE NUMBER: | |

C. NOTE:   This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0   3/98   Template File RE9500.PFT.PFD

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Samuel Digel<br>Benjamin Digel<br>3102 18th Street, N.W.<br>Washington, D.C. 20010 | Anna M. Allen<br>1715 Kilbome Place, N.W.<br>Washington, DC 20010 | Digel Family Trust<br>24 Van Buren Avenue<br>West Hartford, CT 06107 |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: | I. SETTLEMENT DATE: |
|---|---|---|
| 3102 18th Street, N.W.<br>Washington, DC 20010 | LP Title, LLC<br><br>PLACE OF SETTLEMENT<br><br>4725 Wisconsin Avenue, NW, #250<br>Washington, DC 20016 | August 2, 2013 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 1,015,000.00 | 401. Contract Sales Price | 1,015,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 21,731.50 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/town taxes           to | | 406. City/town taxes           to | |
| 107. County Taxes             to | | 407. County Taxes             to | |
| 108. Assessments             to | | 408. Assessments             to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 1,036,731.50 | **420. GROSS AMOUNT DUE TO SELLER** | 1,015,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 45,000.00 | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | 800,000.00 | 502. Settlement Charges to Seller (Line 1400) | 383,277.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage to CitiMortgage, Inc./Loa | 628,867.08 |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. (Deposit disb. as proceeds) | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/town taxes    04/01/13  to  08/02/13 | 1,789.00 | 510. City/town taxes    04/01/13  to  08/02/13 | 1,789.00 |
| 211. County Taxes             to | | 511. County Taxes             to | |
| 212. Assessments             to | | 512. Assessments             to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. Water Bill to DCWASA/Acct# 47724-0 | 177.35 |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 846,789.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 1,014,110.43 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 1,036,731.50 | 601. Gross Amount Due To Seller (Line 420) | 1,015,000.00 |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( 846,789.00) | 602. Less Reductions Due Seller (Line 520) | ( 1,014,110.43) |
| 303. CASH ( X FROM ) (   TO ) BORROWER | 189,942.50 | 603. CASH ( X TO ) (   FROM ) SELLER | 889.57 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to hereby.

Borrower                                                                                                      Seller

Samuel Digel

Benjamin Digel

Anna M. Allen, by Carlos R. Allen, Jr., her Attorney in Fact

HUD-1 (3-86) RESPA, HB43O5.2

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL COMMISSION Based on Price** $ 1,015,000.00 @ 5.5000 %   55,825.00 | | | |
| *Division of Commission (line 700) as Follows:* | | | |
| 701. $ 55,825.00   to   Long & Foster Real Estate | | | |
| 702. $   to | | | |
| 703. Commission Paid at Settlement | | | |
| 704. Admin Fee   to Long & Foster | | | 55,825.00 |
| | | 345.00 | 345.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee   %   to | | | |
| 802. Loan Discount   %   to | | | |
| 803. Appraisal Fee   to | | | |
| 804. Credit Report   to | | | |
| 805. Lender's Inspection Fee   to | | | |
| 806. Mortgage Ins. App. Fee   to | | | |
| 807. Assumption Fee   to | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From 08/02/13 to 09/01/13 @ $   /day ( 30 days   %) | | | |
| 902. Mortgage Insurance Premium for   months to | | | |
| 903. Hazard Insurance Premium for 1.0 years to | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance   months @ $   per month | | | |
| 1002. Mortgage Insurance   months @ $   per month | | | |
| 1003. City/town taxes   months @ $   per month | | | |
| 1004. County Taxes   months @ $   per month | | | |
| 1005. Assessments   months @ $   per month | | | |
| 1006.   months @ $   per month | | | |
| 1007.   months @ $   per month | | | |
| 1008.   months @ $   per month | | | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee   to L P Title, LLC | | 300.00 | 150.00 |
| 1102. Abstract or Title Search   to Metro Abstracts | | 275.00 | |
| 1103. Insured Closing letter   to Commonwealth Land Title Ins. Co. | | | |
| 1104. Title Insurance Binder   to L P Title, LLC | | 25.00 | |
| 1105. Document Preparation   to L P Title, LLC   POA/Release | | | 125.00 |
| 1106. Notary Fees   to C. Gayle | | 8.00 | 8.00 |
| 1107. Attorney's Fees   to | | | |
| (includes above item numbers:   ) | | | |
| 1108. Title Insurance   to Commonwealth Land Title Insurance Company | | 5,158.50 | |
| (includes above item numbers:   ) | | | |
| 1109. Lender's Coverage   $ 800,000.00   0.00 | | | |
| 1110. Owner's Coverage   $ 1,015,000.00   0.00 | | | |
| 1111. DC Tax Cert   to D.C. Treasurer | | 15.00 | |
| 1112. Digital Storage   to Fort Dox | | 15.50 | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees: Deed $ 31.50; Mortgage $ 156.50;   Releases $ | | 188.00 | |
| 1202. City/County Tax/Stamps: Deed   29,435.00; Mortgage | | 14,717.50 | 14,717.50 |
| 1203. State Tax/Stamps:   Revenue Stamps   ; Mortgage | | | |
| 1204.   D.C. Treasurer | | | |
| 1205. Record POA   to D.C. Treasurer | | | 31.50 |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey   to Capitol Surveys, Inc. | | 250.00 | |
| 1302. Pest Inspection   to | | | |
| 1303. Courier fee   to UPS/Time Express | | 25.00 | 25.00 |
| 1304. Water escrow   to DCWASA | | | 150.00 |
| 1305. See addit'l disb. exhibit   to | | 409.00 | 311,900.00 |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | 21,731.50 | 383,277.00 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Certified to be a true copy

Daniel M. Kronberg
Settlement Agent

( RE9500 / RE9500/ )

## ADDITIONAL DISBURSEMENTS EXHIBIT

**Borrower:** Samuel  Digel and Benjamin Digel
**Seller:** Anna M. Allen
**Lender:** Digel Family Trust
**Settlement Agent:** LP Title, LLC
(202)244-0600
**Place of Settlement:** 4725 Wisconsin Avenue, NW, #250
Washington, DC 20016
**Settlement Date:** August 2, 2013
**Property Location:** 3102 18th Street, N.W.
Washington, DC 20010

| PAYEE/DESCRIPTION | NOTE/REF NO | BORROWER | SELLER |
|---|---|---|---|
| David Williams | | | 25,000.00 |
| Keith Remeke Contractor | | | 4,000.00 |
| ATS Contractor | | | 8,900.00 |
| AMG | | | 270,000.00 |
| Kenneth Nykabwa Contractor | | | 4,000.00 |
| HMS Home Warranty | Appl# 82599946 | 409.00 | |
| **Total Additional Disbursements shown on Line 1305** | | $   **409.00** | $   **311,900.00** |



**LP TITLE, LLC**
**ESCROW ACCOUNT**
4725 WISCONSIN AVE. NW STE. 250
WASHINGTON, DC 20016
(202) 244-0600

**EAGLEBANK**
Bethesda, MD 20814
65-329-550

RE9500

20638

—Two Hundred Seventy Thousand and 00/100 ——————————— Dollars

August 5, 2013    $ ******270,000.00

PAY
TO THE    AMG
ORDER
OF

AUTHORIZED SIGNATURE

08/07/2013    20638    $270,000.00



ENDORSE HERE

AMG

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE



20631

LP TITLE, LLC
ESCROW ACCOUNT
4725 WISCONSIN AVE NW STE 250
WASHINGTON, DC 20016
(202) 244 0600

EAGLEBANK
Bethesda, MD 20814
65-329-550

RE9500

Eight Hundred Eighty Nine and 57/100 —————————————— Dollars

DATE
August 5, 2013

$ ***889.57

PAY
TO THE
ORDER
OF

Anna M. Allen
1715 Kilborne Place, N.W.
Washington, DC 20010

AUTHORIZED SIGNATURE

⑈020631⑈ ⑆055003298⑈   020009416⑈7⑈   ⑆00000088957⑈

08/06/2013   20631   $889.57

UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF COLUMBIA**

IN RE                              :
ANNA MARIA ALLEN                   : Chapter 13 Case No. 09-00231
         Debtor                    : Hearing Date: 05/15/09*

**PRAECIPE IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE
BASED ON 11 U.S.C. §109(e) DEBT LIMIT INELIGIBILITY AND BAD FAITH**

Comes now Cynthia A. Niklas, Esquire, Trustee of the above-captioned matter, and in support of the Trustee's pending Motion to Dismiss with Prejudice Based on 11 U.S.C. §109(e) Debt Limit Ineligibility and Bad Faith, states that in response to the pending Motion the debtor has filed amended Schedule A and amended Summary on April 23, 2009 and on May 4, 2009 by eliminating her ownership interest in real property located at 1715 Kilbourne Place NW WDC and by apparently eliminating the $893,000.00 debt on said property thereby decreasing, on said Summary, the secured debt to $500,00.00. However, based on a proof of claim filed by SunTrust in **undisclosed** pending Chapter 13 case of debtor's son, Carlos Allen (08-00591), and supporting documentation attached thereto, the Trustee contends that said amended Schedules are incomplete and otherwise false and inaccurate. Therefore, the Trustee accordingly requests that the Trustee's pending Motion to Dismiss with Prejudice Based on 11 U.S.C. §109(e) Debt Limit Ineligibility and Bad Faith, as unopposed, be granted without necessity of hearing on May 15, 2009.

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Praecipe, was mailed, postage prepaid, May 12, 2009 to:

Anna Maria Allen
3102 18th Street NW
Washington, DC  20010

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE                          :
ANNA MARIA ALLEN               : Chapter 13 Case No. 09-00231
        Debtor                 : Hearing Date: 05/15/09*

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE BASED ON 11 U.S.C.
§109(e) DEBT LIMIT INELIGIBILITY AND BAD FAITH AND NOTICE OF
DEADLINE AND OPPORTUNITY TO OBJECT**

Comes now Cynthia A. Niklas, Esquire, Trustee of the above-captioned matter and respectfully moves this Court to dismiss the above-captioned matter with Prejudice based on 11 U.S.C. §109(e) debt ineligibility and pursuant to 11 U.S.C. §1307, §521(e)(2)(B)&(i), §105 and §349, based on the following grounds:

1.    The debtor has failed to appear and submit to an examination under oath at the §341 Meeting of Creditors on April 20, 2009, as required by 11 U.S.C. §343.

2.    The debtor has failed to timely commence plan payments within 30 days after date of the Order for Relief/petition date, as required by 11 U.S.C. §1326(a).

3.    The debtor has failed to file Chapter 13 Plan and has likewise failed to comply with 11 U.S.C. §521(a)(1)(B)(iv) by failing to file copies of all payment advices or other evidence of payment received within 60 days before the petition date. Pursuant to 11 U.S.C. §521(i), dismissal is mandatory.

4.    Based on debtor's schedules and filed proofs of claims, the Trustee contends that on the petition date, the following approximate total amount of non-contingent, liquidated, secured debts in the current amount of **$1,389,000.00**, exceeds the debt limits of 11 U.S.C. §109(e), as

amended by Title 1 §108(a)(2) in the current amount of **$1,010,650.00.**

5.   The filing of the instant case with admitted debt limit ineligibility constitutes bad faith.

6.   The debtor has failed to comply with 11 U.S.C. §521(e)(2)(A) by failing to provide, not later than 7 days before the first date set for the §341 Meeting of Creditors, to the Trustee, a copy of the Federal income tax return or transcript thereof for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed. Pursuant to 11 U.S.C. §521(e)(2)(B), dismissal is mandatory.

7.   The debtor has likewise failed to comply with 11 U.S.C. §1308(a) by failing to file not later than the day before the first date scheduled for the §341 Meeting of Creditors, or to date, all required tax returns for all taxable periods ending during the 4-year period ending on the petition date.  Pursuant to 11 U.S.C. §1307(e), dismissal is mandatory.

8.   The tax refunds are relevant to the disposable income analysis and tax liabilities are relevant to sufficiency of plan funding.  Likewise the filing of all requisite §1308 tax returns is a confirmation standard pursuant to 11 U.S.C. §1325(a)(9) and the date of the filing of said returns is a bar date deadline issue pursuant to 11 U.S.C. 502(b)(9) as well as a dischargeability issue pursuant to 11 U.S.C. §1328 (a)(2).

9.   The debtor filed prior Chapter 7 Case No. 91-40233

(DC) on February 8, 1991.

WHEREFORE, the Trustee requests this Court to dismiss this case with Prejudice based on 11 U.S.C. §109(e) debt ineligibility and pursuant to 11 U.S.C. §1307, §521(e)(2)(B)&(i), §105 and §349.

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623

### NOTICE OF OPPORTUNITY AND DEADLINE TO OBJECT TO MOTION TO DISMISS

**\* UNLESS OTHERWISE NOTED**, HEARING ON THE ABOVE-CAPTIONED MOTION FOR DISMISSAL IS SET AT **9:30 A.M. ON MAY 15, 2009**.

**\* PLEASE TAKE NOTICE THAT WITHIN TWENTY (20) DAYS AFTER THE DATE OF THIS NOTICE** you must file and serve a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Ave., N.W., Washington, D.C. 20001, and served by mailing a copy to the Chapter 13 Trustee and all scheduled, secured creditors.

**\* IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING.** The court may grant the motion without a hearing if the objection filed states inadequate grounds for denial. Parties in interest with questions may contact the Trustee.

Dated: April 21, 2009

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623
(202)362-8500

### CERTIFICATE OF SERVICE UNDER LBR 5005-1(h)

I hereby certify that a copy of the foregoing Motion and Notice of Opportunity to Object, was mailed, postage prepaid, April 21, 2009 to:

Anna Maria Allen
3102 18th Street, NW
Washington, DC  20010

/s/ Cynthia A. Niklas, Esq.
Cynthia A. Niklas

The order below is hereby signed.

Signed: May 15, 2009.



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE                                       :
ANNA MARIA ALLEN                            : Chapter 13 Case No. 09-00231
     Debtor

**ORDER OF DISMISSAL WITH PREJUDICE BASED ON 11 U.S.C. §109(e) DEBT LIMIT
INELIGIBILITY AND BAD FAITH**

      Upon consideration of the Trustee's Motion to Dismiss with Prejudice based
on 11 U.S.C. §109(e) debt ineligibility and pursuant to 11 U.S.C. §1307,
§521(e)(2)(B)&(i), §105 and §349, the Praecipe in support thereof, and the court
record herein and in pending Chapter 13 case of Carlos Allen (08-00591), it is,

      ORDERED, that the Trustee's Motion to Dismiss be and the same is hereby
granted and the above-captioned matter is hereby dismissed with Prejudice
based on 11 U.S.C. §109(e) debt ineligibility and pursuant to 11 U.S.C. §1307,
§521(e)(2)(B)&(i), §105 and §349.

cc:  All Entities on Mailing List

B6A (Official Form 6A) (12/07)

In re <u>Anna Maria Allen</u>,        Case No. _____
        **Debtor**                        **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 3102 18th St NW Washington, DC 20010 | Primary Residence | S | 1,000,000.00 | 580000 |
| 1715 Kilborne Pl NW Washington DC 20010 | Rental | J | 800,000.00 | 900000 |
| | | Total▶ | 1,800,000.00 | |

(Report also on Summary of Schedules.)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**
revised 10/08
MAY 04 2009
Clerk, U.S.
Bankruptcy District and
Courts

IN RE:  Anna Maria Allen

Chapter 13 Case No. 09-00231

SSN(S):  ____428

Confirmation Hearing: TBD

<u>**CHAPTER 13 PLAN - (100% + INTEREST ON PRIORITY CLAIMS) & NOTICE OF DEADLINE TO OBJECT TO CONFIRMATION**</u>

THE FUTURE EARNINGS/INCOME OF THE DEBTOR ARE HEREBY SUBMITTED TO THE SUPERVISION/CONTROL OF THE TRUSTEE, AND THE DEBTOR/EMPLOYER/INCOME SOURCE SHALL PAY TO THE TRUSTEE MINIMUM $ 500.00 _____ MONTHLY.

The debtor hereby authorizes and directs the employer/income source to comply with all Trustee's Directions by deducting and forwarding plan payments directly out of debtor's income source.  The debtor shall commence proposed plan payments as required by 11 U.S.C. §1326(a)(1), **by money order,** and continuing **each month** until automatic payroll deductions begin.

**EACH HOLDER OF AN ALLOWED SECURED CLAIM SHALL RETAIN ITS LIEN AS REQUIRED BY 11 U.S.C. §1325(a)(5)(B)(i),  AND FROM THE PAYMENTS RECEIVED, THE TRUSTEE SHALL MAKE DISBURSEMENTS AS FOLLOWS:**

A.  **11 U.S.C. §507 PRIORITY CLAIMS**: FULL **100%** PAYMENT PLUS **6%** POST-CONFIRMATION INTEREST PER ANNUM

B.  **11 U.S.C. §1322(b)(5) CLAIMS**: THE DEBTOR SHALL MAINTAIN POST-PETITION PAYMENTS DIRECTLY WHILE CASE IS PENDING AND  THE TRUSTEE WILL CURE ALL PRE-PETITION ARREARS, COSTS, AND FEES  OF THE FOLLOWING CLAIMS:
- - WITH FULL **100%** PAYMENT:

I, Anna Maria Allen, submit repayment Plan B - Full 100% Payment

- - WITH FULL **100%** PAYMENT PLUS **6%** POST-CONFIRMATION INTEREST PER ANNUM:

C.  **DIRECT PAYMENTS**:  THE DEBTOR SHALL PAY DIRECTLY THE FOLLOWING CLAIMS, TO THE EXTENT THEY ARE 11 U.S.C. §1322(b)(5) CLAIMS (THE FINAL PAYMENT UNDER THE PLAN BEING TREATED AS DUE IN 60 MONTHS) OR ARE ALLOWED SECURED CLAIMS (SUBJECT TO THE PROVISIONS OF HANGING PARAGRAPH OF 11 U.S.C. §1325(a)(5), IF APPLICABLE) AND CLAIMS ARISING FROM THE FOLLOWING LEASES WHICH THE DEBTOR HEREBY ASSUMES:

D.  **ALL REMAINING CLAIMS**:  ALL ALLOWED SECURED CLAIMS SHALL BE PAID IN FULL **100%** PAYMENT PLUS **6%** POST-CONFIRMATION INTEREST PER ANNUM.  ALL UNSECURED CLAIMS SHALL BE PAID IN FULL **100%** PAYMENT.

E.  THE FOREGOING PAYMENTS ON ALLOWED SECURED CLAIMS SHALL BE PAID IN EQUAL MONTHLY PAYMENTS OVER 60 MONTHS BUT THE TRUSTEE MAY PAY ANY SUCH CLAIM A LARGER AMOUNT IN ANY MONTH.

May 4, 2009
DATE

DEBTOR'S ATTORNEY (OR DEBTOR & JOINT DEBTOR IF NO ATTORNEY)

NAME:  N/A _____ BAR #: _____

ADDRESS:  3102 18th Street, NW, Washington, DC 20010

TELEPHONE #:  240-678-9846 _____ FAX #: _____

**DEADLINE TO FILE OBJECTIONS**: Objection to confirmation of the PLAN must be filed and served on debtor and Trustee either fifteen (15) days after the first date set for the Meeting of Creditors or, if later, forty (40) days after the date the plan is mailed to you.  Objections to confirmation of an AMENDED PLAN must be filed and served on debtor and Trustee either twenty-five (25) days after the date the amended plan is mailed to you or, if later, the date for objecting to the original plan.  Absent timely objections the Court may confirm the plan or amended plan without a hearing.

**Certificate of Service**

I hereby certify that a copy of this Plan has been faxed/mailed, postage pre-paid, on the date that appears below to **all scheduled creditors and to:**
**Cynthia A. Niklas, Esq., Chapter 13 Trustee** 4545 42nd St. NW #211 WDC 20016-4623 Fax # 202-362-3487
**IRS Centralized Insolvency** POB 21126 Philadelphia PA 19114 Fax # 215-516-2015 & IRS Chief Counsel POB 44085 WDC 20026 Fax # 202-874-1317
**DC Tax & Rev.** 941 N Capitol St. NE #810 WDC 20002 Fax # 202-442-6479 & **Attorney Gen. for DC** 441 4th St. NW #6N WDC 20001 Fax # 202-727-6014
**US Attorney** DC Civil Div. Financial Litigation 501 3rd St. NW 4th FL WDC 20001 Fax # 202-514-8780
**Child Support Services Div.** Office of Attorney General 441 4th St. NW 5th FL WDC 20001 Fax # 202-724-3710

May 4, 2009
DATE OF SERVICE

DEBTOR'S ATTORNEY (OR DEBTOR & JOINT DEBTOR IF NO ATTORNEY)

B 6E (Official Form 6E) (12/07) — Cont.

In re  Anna Maria Allen_____,     Case No. _____
                    **Debtor**                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.  TBD <br><br> Clerk, US Bankruptcy Court <br> 333 Constitution Ave., NW <br> Room 1225 <br> Washington, DC 20001 | | H | 03/23/09 Chapter 13 Petition Filing Fee Installment Payments | | x | | 182.00 | 182.00 | 0.00 |
| Account No.  5557 <br><br> Dougalss Sloan | | J | Investment made for 3102 18th St NW | | x | | 80,000.00 | 80,000.00 | 0.00 |
| Account No. <br><br><br> | | | | | | | | | |
| Account No. <br><br><br> | | | | | | | | | |

Sheet no. __3__ of __1__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▶ (Totals of this page) | $ 80,182.00 | $ 80,182.00 |
| Total▶ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 80,182.00 | |
| Totals▶ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 80,182.00    $ 0.00 |

D.C. Superior Court
10/06/2016 20:43PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| DOUGLASS SLOAN<br>313 Nicholson St, NE<br>Washington, DC 20011 | ) | |
| | ) | Civil Action No. 2013 CA 005339 R(RP) |
| Plaintiff | ) | Judge: Hon. John M. Campbell |
| | ) | Date of Next Event: Status Hearing |
| vs. | ) | |
| | ) | 4/29/2016 |
| CARLOS ALLEN<br>1715 Kilbourne Place, NW<br>Washington, DC 20010 | ) | |
| AND | ) | |
| ANNA ALLEN<br>829 Arlington Drive<br>Columbus, GA 31907 | ) | |
| AND | ) | |
| AMG<br>1715 Kilbourne Place, NW<br>Washington, DC 20010 | ) | |
| AND | ) | |
| KAREN BROOKS<br>9709 Manteo Ct.<br>Fort Washington, MD 20744 | ) | |

## FIFTH AMENDED COMPLAINT

1.    During a status hearing the Court granted leave to file a fifth amended complaint.  In this Fifth Amended complaint, Douglass Sloan seeks damages and declaratory relief against

Carlos and Anna Allen and AMG (collectively "Defendants") for breach of contract, civil conspiracy, and fraud.

2.    Douglass Sloan also seeks to add Karen Brooks as a Defendant who also conspired to defraud and maliciously harm the Plaintiff.

3.    Currently this matter is proceeding against Carlos Allen as a witness; however, should the US Bankruptcy Court lift the stay regarding (or dismiss) the bankruptcy filed by Carlos Allen, he will be restored as a Defendant in this matter.

4.    The Plaintiff requests the Court direct the clerk's office to issue a subpoena and initial order to allow service upon the newly added Defendant Karen Brooks.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to D.C. Code § 11-921.

6.    Venue is appropriate because Plaintiffs' claims arose in the District of Columbia.

## PARTIES

7.    Plaintiff Douglass Sloan ("Mr. Sloan") is a resident of the District of Columbia.

8.    Defendant/Witness Carlos Allen ("Carlos") is a resident of the District of Columbia.

9.    Defendant Anna Allen ("Anna") is on information and belief a resident of Georgia.

10.    Defendant AMG, Inc. ("AMG") on information and belief was incorporated in the District of Columbia as a for profit organization by Carlos Allen on August 3, 2013.

11.    Defendant Karen Brooks ("Brooks"), on information and belief is the wife of Carlos Allen and is a resident of Maryland.

12.    An affidavit was filed in US District Court for the District of Columbia by Carlos Allen – signed by Karen Brooks – that identified Karen Brooks as the owner and president of AMG since its inception.

## **FACTS**

13.   Defendant Carlos Allen ("Carlos") styles himself a rap star and record producer. Carlos has also run for Mayor of the District of Columbia, on two occasions.

14.   In 2008, however, before his music and political aspirations took center stage, Carlos invested in real estate.

15.   One property he hoped to profit from was a house at 3102 18th Street ("Property"), NW, in DC.

16.   To realize this hope, Carlos asked the Plaintiff ("Mr. Sloan") if he could provide a short term loan (60 days with a fixed repayment rate of 20% of the amount borrowed) to Carlos so that he could rehabilitate the Property.

17.   Carlos represented to Mr. Sloan that, although the property was deeded to his mother, Anna, he had full power to encumber and otherwise make decisions concerning the property's disposition at the time he encumbered the property with the loan.

18.   In reliance on this representation, Mr. Sloan agreed to loan a significant sum to Carlos ($60,000.00).

19.   Mr. Sloan and Carlos also agreed that Mr. Sloan would be entitled, at any time prior to full repayment, or after repayment if the agreed-upon interest rate were declared to be usurious, to exchange his right to repayment for a 14.5% equity interest in the property.

20.   Mr. Sloan and Carlos reduced the main terms of their agreement to writing, and executed a Promissory Note with Equity Interest Conversion Feature ("Promissory Note") on July 23rd, 2008.  Carlos agreed in the Promissory Note, *inter alia*, to "execute, or arrange for the execution of, any document and do anything necessary to ensure [Mr. Sloan's] interest in the Property. . ."

21.    Accordingly, Mr. Sloan would be entitled to the monies due under the note or an equity interest in the property at the election of Mr. Sloan.

22.    Brooks was made aware of the loan and its terms and agreed to assist Carlos by receiving the funds.

23.    The funds were electronically deposited into the account of Brooks at the direction of Carlos.

24.    The funds were subsequently provided to Carlos by Brooks.

25.    Carlos failed to comply with the terms of the Promissory Note.  Mr. Sloan advised Carlos that pursuant to the terms of the note he wished for Carlos to make payments toward the debt and to pay the balance of the note (including its accrued interest) upon the sale of property from the proceeds of the sale pursuant to the terms of the agreement.  Carlos agreed to pay the balance of the note including interest once the property was sold.

26.    Carlos failed to make any payments as promised until November 6, 2010.

27.    Carlos sent checks or PayPal transfers for small sums to Mr. Sloan or his wife toward the amount outstanding on the note.  However, the balance of the note including the interest far exceeded the initial amount due under the terms of the note.

28.    The last payment toward the debt provided by Carlos was submitted on March 10, 2014.

29.    None of the checks Carlos sent contained an endorsement purporting to reflect an accord and satisfaction, and no agreement exists between Carlos and Mr. Sloan to modify any terms of the Promissory Note.

30.   On or about March 23, 2009, Anna filed for bankruptcy (Case # 09-00231 – CH 13), listing Mr. Sloan on – Schedule E – as a priority creditor for the debt evidenced by the Promissory Note.

31.   Anna also indicated on Schedule E that the debt was ***jointly held*** and that it was ***an unliquidated unsecured priority claim***.

32.   Mr. Sloan filed a Proof of Claim in the amount of $80,000 (a reduced amount according to the terms of the note [$72,000 + interest for 7 months $10,080.00 = $82,080.00])

33.   In that filing, Anna "declare[d] under penalty of perjury that [she had] read the [listing of debts and other assertions made in the filing], and that they are true and correct. . ."

34.   Anna claimed in her filing that she lived at the Property; likewise, she claimed a homestead exemption from DC taxes for the Property.  On information and belief, at all relevant times, Anna did not live in DC, much less in the Property.

35.   The bankruptcy court subsequently <u>dismissed</u> Anna's bankruptcy case <u>with prejudice based, *inter alia*, on **bad faith**</u>.

36.   It is/was the belief of Mr. Sloan that the filing of the bankruptcy was to cause an intentional and malicious wounding of Mr. Sloan by seeking to dissolve his property interests in the proceeds from the of the sale of the property.

37.   Anna subsequently filed for bankruptcy anew (Case #09-00900 – CH 11 which was converted to CH 7 Case #09-1114).  This time the bankruptcy court granted her petition.  This time, however, for reasons unknown, Anna did not list Mr. Sloan as a creditor.

38.   On August 2, 2013, Mr. Sloan sent a letter to Anna regarding his interest in the Property.

39.   On or about August 2, 2013, Anna, by Carlos as attorney in fact, executed a deed purportedly transferring the Property to third parties for the sum of $10.

40.   On or about August 2, 2013, Anna, by Carlos as attorney in fact, also executed a sale of the property to third parties for the sum of $1,015,000.00.  The settlement documents indicate the property was encumbered by a mortgage with a payoff balance of $628,867.08 (HUD 1 form, line 504).

41.   The settlement documents also indicated additional disbursement charges to seller of $311,900.00 (HUD 1 form, line 1305).

42.   The additional disbursements included a payment in the amount of $25,000.00 to a private seller of a Mercedes Bus that was later decorated for Carlos' rap identity: Mayor Allen.

43.   The additional disbursements also included a payment in the amount of $270,000.00 to AMG for which no explanation was given as to why.  There was no disclosure of any priority debt superior to Mr. Sloan's claim.

44.   AMG did not exist as a legitimate business until after the sale of the property.  AMG was registered on August 7, 2013 – according to DCRA records.  Eagle Bank records prove that AMG was registered as a business in Washington, DC with the funds received by Carlos as a result of the sale transaction.

45.   Carlos has stated that he did not own AMG; further, he has provided no information regarding why AMG was entitled to proceeds from the sale in priority to Mr. Sloan.  Carlos has not provided any accounting of the full leadership of AMG

46.   Karen Brooks executed an Affidavit attesting to her ownership of AMG since its inception.  (The affidavit was filed in the US District Court of the District of Columbia by Defendant/Witness Carlos Allen.)

47.   Anna subsequently filed for bankruptcy anew (Case #14-41182 – CH 13) on December 30, 2014, just as depositions were to be held in this matter.  The filing of the bankruptcy caused an automatic stay to be imposed by the Court in this matter.

48.   Mr. Sloan engaged an attorney in Georgia to enter an appearance and file an opposition to the discharge of this debt and the request a lift of the stay to allow this matter to resume.

49.   During the 341 Meeting of Creditors it was revealed that Anna Allen is the President of AFS Mortgage, Inc. "AFS" with a principle office located in Washington, DC and according to the information revealed at that same meeting, AFS had 10 employees and grossed approximately $700,000 in revenues in 2014. Facts that were never disclosed by Carlos in the DC bankruptcy filings.

50.   The position of President of AFS was not disclosed on the schedules filed by Anna Allen.

51.   The rental income that was disclosed as $6,000/month and pension income of $620/month were not disclosed on the schedules filed by Anna Allen.

52.   There was no disclosure of the prior bankruptcy filings on the schedules filed by Anna Allen either.

53.   The bankruptcy court in Georgia issued an order lifting the stay allowing this matter to proceed.

54.   Subsequently, Carlos filed a bankruptcy in the US District Court for the District of Columbia – Case #16-00023.

55.   Mr. Sloan filed an adversary proceeding in the same matter – Case # 16 –10027.  (It was in this matter the Affidavit of Ownership of AMG was filed.)

56.   Carlos opened multiple accounts with financial institutions – on behalf of AMG – in which he signed the account documents as President or Owner of AMG

57.   Carlos stated, during his 341 Meeting of Creditors while under oath, that Karen Brooks was the only signatory of the financial accounts of AMG

58.   However, it was discovered that Carlos also had signatory authority; rather, he was the only signatory on the accounts.

## COUNT I

## **BREACH OF CONTRACT**
(all Defendants)

59.   Plaintiff adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

60.   An initial contract existed between Mr. and Mrs. Sloan and Carlos Allen.

61.   Mr. Sloan performed all of his obligations under the contract.

62.   Anna Allen has admitted that the debt was jointly held with Carlos Allen through including it on her schedule E filed in her bankruptcies.

63.   Carlos Allen failed to comply with the terms of the Promissory Note.

64.   Anna Allen, with Carlos Allen acting as her attorney in fact, failed to comply with the terms of the Promissory Note when she failed to ensure that funds from the proceeds of sale were paid as required under the terms of the note.

65.   AMG improperly received funds from the proceeds of the sale that it knew or should have known were owed to Mr. Sloan.

66.   Defendants willfully and maliciously breached the contract by diverting funds they either knew or should have known were due and owed to Mr. Sloan under the terms of the note.

67.   Because AMG did not exist at the time of the sale, there has been no showing that its claim to the proceeds of the sale were superior to the claim of Mr. Sloan.

68.   Defendant Brooks was aware of the contract and the terms of the contract, facilitated the transfer of the funds from Mr. Sloan to Carlos, and had knowledge that Carlos used the funds to create AMG

69.   Carlos was the party who signed the checks, withdrawals on behalf of AMG this was on behalf of AMG and with the knowledge of Brooks.

70.   Defendants actions were deliberate and calculated to divest Mr. Sloan of his interests in the property.

71.   Defendants breach proximately and directly damaged Mr. Sloan.

## COUNT II

## <u>FRAUD IN THE INDUCEMENT</u>
(Carlos Allen)

72.   Plaintiff adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

73.   Additionally or in the alternative, on information and belief, Carlos knew when he represented to Mr. Sloan in or about July 2008 that he had power of attorney for Anna regarding the Property that he did not, in fact, have such power.

74.   On information and belief, Carlos made the false statements with the intent to deceive Mr. Sloan, and the misrepresentations were wanton and malicious.

75.   Carlos represented that he was authorized to encumber the property in order to rehabilitate to property and sell it for a profit.

76.   Carlos represented that he would repay the balance of the note and the interest from the proceeds of the sale and if the interest were deemed be usurious, transfer the agreed

percentage of the property value to Mr. Sloan.  He also represented that he as the attorney in fact

for Anna Allen would perform any necessary act to ensure that Mr. Sloan was paid the equity

amount pursuant to the contract.

77.  Mr. Sloan reasonably relied on Carlos' false representation by entering a contract he

would not have entered had he known the representation was false or that Carlos had no intention

of complying with the terms of the contract.

78.  Mr. Sloan's suffered damage proximately caused by Carlos' misrepresentations

including but not limited to: the loss of the funds loaned, the loss of any investment interest the

funds would have gained if they had remained in the savings accounts of Mr. Sloan, the loss of

the interest promised in the note, the loss of the equity interest in the property, the loss of the

balance of the note, and the expenses associated with litigation across multiple jurisdictions that

are the obligation of Carlos pursuant to the note.

**COUNT III**

**CIVIL CONSPIRACY**
(all defendants)

79.  Plaintiff adopts and incorporates by this reference each and every preceding

paragraph as if fully set forth herein.

80.  An agreement existed between Carlos, Brooks, AMG, and Anna to participate in an

unlawful act or a lawful act in an unlawful manner.

81.  Carlos and Brooks conspired to divest Mr. Sloan of his interest in the property by

diverting the funds to AMG at the time of the settlement of the sale of the property.

82.  AMG received the funds that it knew or should have known belonged to Mr. Sloan

as Carlos Allen was the registered agent (Carlos has testified that he was the marketing officer of

the organization) at the time AMG was created five days after the sale transaction.

83.   Carlos was present when the note was executed.

84.   Carlos knew and had agreed to the terms of the note.

85.   Anna Allen, through Carlos Allen as her attorney in fact, maliciously and willfully divested Mr. Sloan of his property interests by diverting funds due and owed to Mr. Sloan to AMG.

86.   Brooks was aware of the terms of the note/contract.

87.   Brooks facilitated the transfer of the funds from Sloan to Carlos.

88.   Brooks, as the wife of Carlos and the President and sole Owner of AMG, Inc. was aware that funds from the sale should have been issued to Mr. Sloan; however, she failed to confirm that the funds received by AMG were not funds that belonged to Mr. Sloan.

89.   Brooks, as the President of AMG, Inc. was aware or should have been aware that Carlos was spending funds of the company.

90.   Brooks, as the President and Sole Owner of AMG had a fiduciary obligation to ensure that all funds received and spent by the corporation belonged to the corporation.

91.   Mr. Sloan suffered injury caused by one or more unlawful overt acts performed by one or all of the parties to the agreement as well as Brooks and AMG.

92.   The aforementioned overt act (or acts) was done pursuant to and in furtherance of the common scheme.

## COUNT IV

## <u>FRAUDULENT TRANSFER</u>
(all defendants)

93.   Plaintiff adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

94.   Defendants Anna and Carlos reportedly transferred real property on August 2, 2013; Defendants executed a deed transferring the property to third parties in exchange for $10 (ten dollars) when other properties in the same area were sold for excess of $1,000,000.00.

95.   Defendant Anna Allen, through Carlos Allen as her attorney in fact, executed a second sales settlement on August 2, 2013 in which the same third parties paid $1,015,000.00 in exchange for the same property on the same date as the $10 sale/transfer.

96.   Additionally, Defendant Anna Allen – on the same date via direct check from the settlement company – transferred $270,000.00 to Defendant AMG for an undisclosed reason.

97.   Defendants have not disclosed that Defendant AMG had a claim that was superior to the claim of the Plaintiff.  In fact, according to the DCRA, Defendant AMG did not exist until 5 (five) days after the sale occurred.

98.   Defendants were insolvent at the time or would have become insolvent as result of payment of funds to AMG as a result of the sale.

99.   Defendants claimed to not have the funds to pay Mr. Sloan the value of his property interest as a result of the fraudulent transfer to AMG.

100.   Defendant Anna – with assistance from Carlos – willfully and maliciously caused her insolvency with the intended purpose to divest Mr. Sloan of the value of his interests in the property and/or his interests in the balance of the note.

101. Defendants conduct proximately caused harm to Mr. Sloan.

## COUNT V

### FRAUDULENT MISREPRESENTATION
(Carlos Allen, Karen Brooks, & Anna Allen)

102. Plaintiff adopts and incorporates by this reference each and every preceding paragraph as if fully set forth herein.

103. Carlos represented to Mr. Sloan that he had full power to encumber and otherwise make decisions concerning the property's disposition. This was a material misrepresentation. This was an intentional or deliberate misrepresentation at the time it was made for Carlos knew he had no actual power to do so.

104. Carlos knowingly lied to Mr. Sloan – or, at the very least – had a reckless disregard for the truth when he made representations regarding his power to encumber the property at the time he induced Mr. Sloan to give him the funds.

105. Carlos made the false statements knowing that it would have an influence on Mr. Sloan's decision to loan him the money to rehab the property prior to sale. Mr. Sloan would not have loaned the money to Carlos had he known that Carlos did not have the power to enter into the agreement.

106. Mr. Sloan relied on the representations to obtain a profitable return on his investment (20%) that would occur in 60 days or less; however, Carlos failed to pay as required by the note.

107. Carlos eventually made sporadic small payments toward the balance on the note after Chapter 7 was granted to Anna Allen on November 8, 2010; however, Anna did not include the debt to Mr. Sloan on the schedules included in the discharge. Carlos stopped making payments in March 2014.

108. Anna disclosed in her schedules filed in her 2009 bankruptcy (Case #09-00231) before the sale of the property that she owed a joint debt to Mr. Sloan.  She repeated this admission in her 2014 bankruptcy (Case #14-41182 after the sale)

109. Defendant Anna Allen, through Carlos Allen as her attorney in fact, represented that the property had been sold to third parties in exchange for $10 on August 2, 2013.  This was a material misrepresentation of the facts of the actual sale of the property.

110. Anna, through Carlos Allen as her attorney in fact, executed settlement documents which indicated the property was sold for $1,015,000.00 to the same third parties.

111. Defendant Anna Allen, through Carlos Allen as her attorney in fact, transferred $270,000.00 to AMG for an undisclosed reason.

112. Karen Brooks as the President of AMG allowed Carlos to spend the funds that she knew or should have known belonged to Mr. Sloan.

113. Defendant Anna Allen, through Carlos Allen as her attorney in fact, failed to pay the funds due and owed to Mr. Sloan on August 2, 2013 ($72,000.00 + interest for 52 months $74,880 = $146,880.00). *The value of the claim has an interest provision and attorney's fee provision that will continue to increase up to and until the debt is satisfied.

114. Mr. Sloan has incurred vast litigation costs in pursuit of the collection of the money due under the note across multiple states.

115. The willful and malicious actions of Defendants Carlos Allen and Anna Allen have caused harm to Mr. Sloan.

116. Defendant Brook's blatant failure to exercise fiduciary responsibilities related to the accounting of AMG and the expenditures of funds that she knew or should have known belonged to Mr. Sloan furthered the willful and malicious actions of Carlos and Anna.

117. AMG benefited financially from the willful and malicious actions of Carlos and Anna.

118. The current balance (as of October 6, 2016) on the note including all interest is $197,295.73 and continues to grow as the legal fees mount along with the accruing of interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully asks this Court to grant the following relief:

A.     Enter judgment that Defendants have:

1.  Breached a contract with Mr. Sloan;
2.  Engaged fraud of the inducement;
3.  Engaged in a civil conspiracy to willfully and maliciously harm Mr. Sloan;
4.  Fraudulently transferred property to avoid payment of a debt to Mr. Sloan;
5.  Engaged in a fraudulent misrepresentation scheme in order to divest Mr. Sloan of his investment funds and/or interest in the property;
6.  Willfully and maliciously caused harm to Mr. Sloan;
7.  Willfully and maliciously caused harm to Mr. Sloan's interests in the property.

B.    Award compensatory, punitive and exemplary damages against Defendants, jointly and severally, in favor of Plaintiff in a sum to be determined at trial but believed to exceed $200,000;

C.    Award Plaintiff his reasonable attorneys' fees and costs in bringing this action as required by the terms of the contract/note; and,

D.    Grant such other relief as this Court deems just and proper.


                    Respectfully submitted

                    ___/s/  Howard Haley_____
                    Howard Haley, Esquire #999376
                    The Haley Firm, PC
                    7600 Georgia Ave, NW
                    Suite 405
                    Washington, DC 20012
                    (202) 810-6329
                    Haleyfirm@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Fifth Amended Complaint Amended Complaint was served by CaseFile Express electronic mail and/or by US Mail on October 6, 2016, on the following:

                    Daniel M. Press
                    CHUNG & PRESS, P.C.
                    6718 Whittier Avenue
                    Suite 200
                    McClean, VA  22101
                    dpress@chung-press.com
                    Counsel for Defendant Anna Allen and Carlos Allen

Douglas Melcher
2001 L St NW #500,
Washington, DC 20036
Direct Dial: 202-495-3464
dmelcher@melcherlaw.com
Counsel for Defendants AMG and Karen Brooks

***By US Mail Postage Prepaid to***:

Carlos Allen
1715 Kilbourne St. NW
Washington, DC 20010

_____/s/  Howard Haley_____
Howard Haley, Esquire #999376
Counsel for Plaintiff Douglas Sloan