UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF
GEORGIA

In re:
    Anna Allen                                    Chapter 13
        Debtor                             Case Number 14-41182

_____

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM

    Douglass Sloan by its undersigned attorney, Howard Haley and The Haley Firm, PC, hereby responds to the objection to his claim filed by the Debtor Anna Allen ("Debtor"), and as grounds therefore states as follows:

1. At all times Douglass Sloan was a creditor owed ($196,643.82). (See Amended Proof of Claim filed; Claim 1-2)

2. As of December 30, 2014, the pre-petition debt was $196,643.82.

3. Creditor, Douglass Sloan's claim, should be cured within a reasonable length of time.

4. Debtor had previously listed the debt to Creditor Douglass Sloan as "Investment made for 3102 18th St. NW" in the amount of $80,000 in 2009 DC Bankruptcy Case #09-00231. The remuneration from the investment was never realized by Creditor Douglass Sloan because Debtor directed funds to a company that was exclusively controlled by her son – Carlos Allen.

5. Debtor has objected to the claim alleging that she did not enter into a contract with Creditor Douglass Sloan (*Debtor indicated Douglass Stone; however, it is presumed this was a typographical error). Debtor had indicated on her schedules in this case that the debt to Creditor Douglass Sloan was a "personal loan" of $1. The Debtor knew this to be inaccurate and misleading.

6. Debtor's son – Carlos Allen, via power of attorney granted by Debtor, entered into the contract that formed the basis of this claim for the investment/loan with specific terms.

7. Debtor's property was improved with the funds from the agreement between

1

      Creditor Douglass Sloan and Debtor's son pursuant to the power of attorney granted by Debtor.

8. Debtor's son – Carlos Allen filed a bankruptcy in which he listed Debtor as a co-owner of real property located at 1715 Kilbourne Place, NW, Washington, DC. (DC Bankruptcy Case #08-00591; Dkt. 16, Schedule H @ page 11)

9. Debtor Anna Allen filed this petition with the knowledge that she was a defendant in a civil case (filed in August 2013) where there was a disputed amount claimed (exceeding $100,000.00) alleging breach of contract, fraud, misrepresentation, and civil conspiracy in the District of Columbia Case #2013 CA 005339 R(RP).

10. Debtor Anna Allen was aware that the Plaintiff in the DC Superior Court matter was Creditor Douglass Sloan.

11. Debtor Anna Allen acknowledged the pending case on her Statement of Financial Affairs at #4.  Debtor Anna Allen certified that she had confirmed the information in the petition was correct.  She was named as a defendant in the case and had full knowledge that the amount in dispute was far greater than the $1 she claimed. She, through her attorney in the DC Superior Court Case – Daniel Press, has filed responses to the claim in the matter since September 2013. (Objection to Modification – Exhibit A, Promissory Note Exhibit A-1, 5th Amended Complaint* Exhibit A-2) It is not clear why the value of the claim was listed by her as $1. *Initial Proof of Claim filed on behalf of Creditor Douglass Sloan by Attorney Gunby included the complaint for excess of $100,000.00 that has since been amended.

12. The Debtor Anna Allen had previously listed the property located at 3102 18th St. NW on her prior bankruptcy schedules as her primary residence and the property located at 1715 Kilborne Place, NW as her rental property. (Objection to Modification – Exhibit A-5)

13. Debtor Anna Allen's DC Bankruptcy Case #09-00231 was dismissed for "bad faith". (Objection to Modification - Order - Exhibit A-6, Trustee Mtn Dismiss – Exhibit A-7, Trustee Suppt Mtn – Exhibit A-8)

14. The subject of the disputed debt in the current bankruptcy was money loaned for the purposes of rehabbing real property located at 3102 18th St. NW, Washington,

    DC. The property was identified on her Statement of Financial Affairs #10. The sale was conducted at the behest of Debtor Anna Allen by her son – Carlos Allen on August 5, 2013. Debtor's Statement of Financial Affairs indicates that she did not receive any money from the sale. Yet, the proceeds of the sale were directed to be distributed at the direction of Anna Allen; further, a check (in the amount of $889.57) was issued to Anna Allen from the proceeds of sale. (Objection to Modification - Sale Documents Exhibit B, Emails Regarding Sale Exhibit B-1) This information was not disclosed within the schedules filed by Debtor Anna Allen.

15. Debtor Anna Allen filed her petition on December 30, 2014; however, she did not execute the Quit Claim Deed transferring her ownership of the real property identified on her Schedule A until August 7, 2015 (Objection to Modification - Quit Claim Deed Exhibit C)

16. Debtor Anna Allen did not include any costs for rent or housing within her schedules and is married; yet, lists no information about her spouse on her schedules. Form 22C-1 lists no information; however, it does indicate Debtor is married. (Dkt #1 page 32) Debtor's schedules are incomplete, misleading, and inaccurate.

17. Debtor Anna Allen's initial plan indicated a commitment period of 36 months minimum and an anticipated plan length of 58 months. The time of plan commitment has not yet passed and there have been no payments to Creditor Douglass Sloan; therefore, the plan should continue until all creditors are compensated by the Debtor.

18. Debtor Anna Allen had failed to make the plan payments as directed by the Trustee. The Trustee has previously filed a Motion to Dismiss Case for Failing to Make Plan Payments on October 12, 2017 (Dkt. #22)

19. Debtor's acknowledgment of the debt on multiple bankruptcy cases, her repeated claims of having no interest in real property that has been included on her bankruptcy schedules, and her continued denial of knowledge of the debt is astonishing.

20. Debtor's filing of a bankruptcy for the purposes of mitigating debts of just over $3000.00 while paying $3,000.00 in attorney fees for the filing is highly unusual and

3

21. Depending upon any additional facts learned before the hearing on the Debtor's objection to the claim, Creditor through its attorneys prays that the Debtor's Objection be denied, and the case be dismissed without a discharge as a result of the irregular details associated with this matter.

22. The undersigned counsel requests permission to appear at the hearing scheduled for September 5, 2018 by telephone.

Date: July 30, 2018

                                              Respectfully submitted,

                                              /s/ Howard Haley
                                              7600 Georgia Ave. NW
                                              Suite 405
                                              Washington, DC 20012
                                              HaleyFirm@gmail.com
                                              V: (202) 810-6329
                                              F: (202) 706-7375

CERTIFICATE OF SERVICE

The undersigned states that on July 30, 2018, copies of Response to Debtor's Objection to Claim were filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

    Trustee Kristin Hurst ecf@ch13trustee.com
    Valerie G. Long on behalf of Debtor Anna Maria Allen lawofficevglong@yahoo.com

and I hereby certify that I have also caused to be mailed by first class mail, postage prepaid, copies of Response to Debtor's Objection to Claim to the following non-ECF participants:

    Anna Maria Allen, P.O. Box 53375, Ft. Benning, GA 31995-3375

                                              /s/ Howard Haley
                                              Howard Haley, Esq.
                                              Counsel for Creditor Douglass Sloan