**SO ORDERED.**

**SIGNED this 10 day of December, 2018.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In Re: | * | Case No. 14-41182-JTL |
| | * | |
| Anna Maria Allen, | * | Chapter 13 |
| | * | |
| Debtor. | * | |

**CREDITOR DOUGLASS SLOAN'S MOTION
TO CLARIFY PRIOR ORDERS OF THE COURT**

The above-captioned Motion came on for hearing before the Court as scheduled on December 10, 2018. The Motion asked the Court to clarify its prior Order on this Creditor's Motion for Relief from the Stay and the Court's Discharge Order to make it clear that the Debtor must appear and respond to discovery in the Superior Court of the District of Columbia in a suit filed against the Debtor and others pre-petition. The Debtor has received a Discharge and is entitled to the protections of Section 524(a) of the Bankruptcy Code.

In construing the Court's Order conditionally granting limited Relief from the Stay to the Creditor, the Court does not find that the Debtor consented to, nor did the Court intend to Order, an exception to the Discharge Injunction in this case.

The Creditor may not, without violating the Discharge Injunction, proceed against the Defendant in the case pending in the Superior Court for the District of Columbia. The Discharge Injunction, however, does not insulate the Debtor from an obligation to respond to a subpoena to give a deposition in the pre-petition District of Columbia Superior Court case. There seems to be a procedure under Georgia law which would allow the deposition to be compelled in the jurisdiction in which the Debtor resides. *See* Georgia's adoption of the Uniform Interstate Depositions and Discovery Act O.C.G.A. §§ 24-13-110 through 116.

For the reasons stated herein, the Creditor's Motion in this Court is denied.

END OF ORDER